UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LISA HILL | CIVIL ACTION NO. 22-cv-1359 |
| VERSUS | CHIEF JUDGE HICKS |
| RICKY DALE WYATT ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Lisa Hill ("Plaintiff"), who is self-represented, has filed a number of civil actions in this court. This civil rights complaint lists as defendants police officers, school officials, and other individuals who are alleged to have participated in wrongdoings against Plaintiff. For the reasons that follow, it is recommended that the complaint be dismissed as untimely and meritless.

### The Complaint

Plaintiff alleges in her complaint, filed in May 2022, that in June 2015 Rickey Wyatt hired Charlie Henry to kill her. Henry allegedly involved a teenage male who waited for Plaintiff to arrive at Pine Grove Elementary School to pick up her daughter. The teenager allegedly pulled a .38 handgun from his shirt but "got scared" and apparently took no action. Plaintiff alleges that a Robert Smith called her the next day, in June 2015, and said to let him know the next time something like that happened because he had "military expertise."

Plaintiff alleges that "prior to this incident" her daughter and a child had an incident at school, and Principal Smith said that he was going to review camera footage but then said the cameras did not work. Plaintiff alleges that she went to the school board with the matter but "they all fabricated about the school cameras."

Plaintiff also includes allegations about Charlie Henry coming to Bossier City in August 2020. Plaintiff describes Henry driving on different streets in Bossier City and contends that there are cameras that would have captured footage. It is unclear why these allegations are included. Plaintiff concludes by stating that she and her daughter moved from Bossier City to Texas the last week in December 2020.

Exhibits to Plaintiff's complaint include an emergency psychiatry evaluation from November 2015. Plaintiff was brought in by her niece who said Plaintiff had alleged that her father and cousin had hired people to follow her, kidnap her daughter, and kill them. The report generally indicates Plaintiff has paranoia and some form of psychiatric condition.

**Timeliness**

Plaintiff is proceeding in forma pauperis, so her complaint is subject to review under 28 U.S.C. § 1915. A claim that is time barred is properly dismissed as frivolous under Section 1915(e)(2)(B)(i). Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Juarez v. Anderson, 598 Fed. Appx. 297, 298 (5th Cir. 2015). "Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs." James v. Richardson, 344 Fed. Appx. 982, 983 (5th Cir. 2009). District courts may raise the defense of limitations sua sponte in an action under Section

1915, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), but the court must afford the plaintiff fair notice and an opportunity to present his position. Day v. McDonough, 126 S.Ct. 1675 (2006).

Plaintiff filed her complaint on a form for asserting civil rights claims, and she specifically invoked 42 U.S.C. § 1983. The limitations period for a Section 1983 claim asserted in Louisiana in one year. Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989). Plaintiff's complaint specifically alleges the date of each of the relevant events, and they are all between June 2015 and December 2020. Plaintiff did not file this complaint until May 2022, which was more than one year after the last alleged wrong.

Plaintiff's Section 1983 claims are untimely on the face of the complaint so should be dismissed. This recommended dismissal affords Plaintiff fair notice and an opportunity to present her position because she will have an opportunity after this report and recommendation issues to file objections and attempt to explain why her complaint should not be dismissed as untimely. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

**Civil RICO**

Plaintiff's complaint makes some references to RICO. Civil RICO actions have a four-year statute of limitations, so some of the events alleged could be timely. The complaint does not, however, state a civil RICO claim on which relief may be granted.

To plead a RICO claim, a plaintiff must allege "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." Abraham v. Singh, 480 F.3d 351, 355 (5th Cir. 2007). To

withstand review for failure to state a claim, a civil RICO plaintiff must allege facts sufficient to establish each of those essential elements, and the complaint must plead enough facts to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff has not alleged a plausible civil RICO claim. Plaintiff has described a series of unrelated events involving an alleged effort to kill her, various travels by persons she knows, and disagreements with school officials about an undefined matter. She has not plausibly alleged a pattern of criminal activity in support of an enterprise. The complaint, therefore, fails to state a civil RICO claim on which relief may be granted.

**Conclusion; Sanctions Warning**

Plaintiff has filed multiple lawsuits regarding the same or similar allegations, and this is at least the second suit to be found lacking in merit. Each of Plaintiff's complaints and filings require the expenditure of judicial resources that could otherwise be spent on the resolution of the cases of deserving litigants. To prevent such abuses, the court has the authority to structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice. See Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993);

Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989). Plaintiff is warned that she will be subject to potential sanctions if she files frivolous or malicious motions or new suits in this court. Those sanctions may include a requirement that Plaintiff obtain judicial pre-approval for any filings, the imposition of monetary sanctions, or an order for other appropriate sanctions.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed with prejudice because all claims asserted in it are untimely or fail to state a claim on which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of June, 2022.

                                                                Mark L. Hornsby
                                                             U.S. Magistrate Judge